OFFICIAL LOCAL FORM 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### FIRST AMENDED CHAPTER 13 POT PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **5/19/15** | Docket #: | **15-12006** |
| Debtor: | **Dennis Dellarocco** | Co-Debtor: | |
| SS#: | **xxx-xx-6168** | SS#: | |
| Address: | **32 Montello Street** **Middleboro, MA 02346** | Address: | |

| | |
|---|---|
| Debtor's Counsel: | **Brian R. Lewis 641100** |
| Address: | **PO Box 1162** **Lakeville, MA 02347** |
| Telephone #: | **(508) 946-3323** |
| Facsimile #: | **(508) 946-5051** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

THIS IS A "PURE POT PLAN" WHEREBY UNSECURED CREDITORS WILL RECEIVE A PRO-RATA PERCENTAGE OF THEIR CLAIM(S) BASED ON CLAIMS FILED AND ALLOWED BY THE COURT. THE AMOUNT IN THE "POT" IS $300.00. THEREFORE THE ESTIMATED DIVIDEND TO UNSECURED CREDITORS IS 0.3778%.

## OFFICIAL LOCAL FORM 3

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

### PRE-CONFIRMATION CHAPTER 13 PLAN

FIRST AMENDED CHAPTER 13 POT PLAN

Docket No.: __15-12006_____

DEBTOR(S):   (H)  __Dennis Dellarocco_____     SS#  __xxx-xx-6168_____

            (W)  _____     SS#  _____

## I.  PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $__1,030.00___ for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☑ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

**Due to the large amount of pre-petition arrearage, a shorter term would not sufficiently satisfy the creditors'**   ;or
**claims.  Increasing the Debtor's monthly plan payment would impose a hardship on the Debtor.**_____

☐ _____ Months.  The Debtor states as reasons therefore:

_____

## II.  SECURED CLAIMS

A.  Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| PNC Bank, NA | Pre-petition arrears for 32 Montello Street Middleboro, MA 02346 | $ 53,795.79 |

Total of secured claims to be paid through the Plan  $ _____53,795.79

B.  Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| PNC Bank, NA | Mortgage for 32 Montello Street Middleboro, MA 02346 |
| Town of Middleboro | Real Estate Taxes and Municipal Charges |
| Town of Middleboro | Mortgage  for 32 Montello Street Middleboro, MA 02346 |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

**D. Leases:**

    i.   The Debtor(s) intend(s) to reject the residential/personal property lease claims of
        **-NONE-**
        ; or

    ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of
        **-NONE-**
        .

    iii. The arrears under the lease to be paid under the plan are   **0.00**  .

## III. PRIORITY CLAIMS

A.  Domestic Support Obligations:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

B.  Other:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **Internal Revenue Service** | | $ | **0.00** |
| **Massachusetts Department of Revenue** | | $ | **0.00** |

Total of Priority Claims to Be Paid Through the Plan  $   **0.00**

## IV. ADMINISTRATIVE CLAIMS

A.  Attorneys fees (to be paid through the plan):           $  **1,500.00**

B.  Miscellaneous fees:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C.  The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The amount in the "Pot" is **$300.00**. Therefore the General Unsecured Creditors may receive an estimated dividend of   **0.3778**  % of their claims.

A.  General unsecured claims:                  $  **9,048.90**

B.  Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **Bank of America** | **Judgment Lien** | $ | **14,382.47** |
| **Capital One** | **Judgment Lien** | $ | **2,933.17** |
| **New England  Phoenix** | **Judgment Lien** | $ | **53,040.96** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | | Amount of Claim |
|---|---|---|---|
| -NONE- | | $ | |

Total of Unsecured Claims (A + B + C):                                      $ _____ 79,405.50

D.  Total money available for unsecured creditors is:  $ **300.00**

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| -NONE- | | $ | |

Total amount of separately classified claims payable at ____%          $ _____ 0.00

## VI.  OTHER PROVISIONS

A.  Liquidation of assets to be used to fund plan:

B.  Miscellaneous provisions:

1. This is a "Pure Pot Plan" whereby unsecured creditors will receive a pro-rata percentage of their claim(s) based on the amount of claims filed and allowed by the Court.  The amount in the "Pot" is $300.00.  There fore the estimated dividend to unsecured creditors is 0.3778%.

## VII.  CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims  (Section I-A Total): | $ | 53,795.79 |
| B) Priority claims  (Section II-A&B Total): | $ | 0.00 |
| C) Administrative claims  (Section III-A&B Total): | $ | 1,500.00 |
| D) Regular unsecured claims  (Section IV-D Total):+ | $ | 300.00 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 55,595.79 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 61,773.10 |

(This represents the total amount to be paid into the Chapter 13 plan)

| | | |
|---|---|---|
| H.  Divide (G), Cost of Plan, by Term of Plan, | **60** months | |
| I.  Round up to nearest dollar for Monthly Plan Payment: | $ | 1,030.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII.  LIQUIDATION ANALYSIS

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **A Multi-family home located at 32 Montello Street, Middleboro MA 02346** | | |
| **Value from Zillow.com** | $   316,039.00 | $   190,691.53 |

| | |
|---|---|
| Total Net Equity for Real Property: | $   125,347.47 |
| Less Exemptions (Schedule C): | $   125,347.47 |
| Available Chapter 7: | $   0.00 |

B.  Automobile (Describe year, make and model):

**2004 Ford Explorer with 111,000 miles.  Vehicle is not registered or insured at this time.**

| | Value $ | Lien $ | Exemption $ |
|---|---|---|---|
| **Value from KBB.com** | 2,435.00 | 0.00 | 2,435.00 |
| **A 2000 Lincoln Town Car with 85,000 miles** | | | |
| **Value from KBB.com** | 1,594.00 | 0.00 | 1,594.00 |

| | |
|---|---|
| Total Net Equity: | $  4,029.00 |
| Less Exemptions (Schedule C): | $  4,029.00 |
| Available Chapter 7: | $  0.00 |

C.  All other Assets (All remaining items on Schedule B):   (Itemize as necessary)
| |
|---|
| A checking account ending in 8464 at Harbor One Bank |
| A checking account ending in 8034 at Harbor One Bank |
| A business checking account for Victoria Building Products, Inc. ending in 8042 at Harbor One Bank |
| A bank account ending in 6070 at Eastern Bank |
| Assorted household goods and furnishings including living room, bedroom and kitchen furnishings and a tv |
| Two candlesticks |
| Personal wearing apparel |
| Gold ring, gold chain and Pulsar watch |
| 20 year old 35mm camera |
| 2 Pistols, 2 Rifles |
| Sun Life Financial Annuity IRA |
| Assorted tools and Lawn Equipment |

| | |
|---|---|
| Total Net Value: | $  9,284.84 |
| Less Exemptions (Schedule C): | $  9,284.84 |
| Available Chapter 7: | $  0.00 |

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $   0.00

E.  Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Brian R. Lewis                                                    June 10, 2015
**Brian R. Lewis 641100**                                                Date
Debtor's Attorney
Attorney's Address:  **PO Box 1162**
                     **Lakeville, MA 02347**
              Tel. #:         **(508) 946-3323 Fax:(508) 946-5051**
              Email Address:   **brian@BrianRLewis.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **June 10, 2015**                    Signature  /s/ Dennis Dellarocco
                                                      **Dennis Dellarocco**
                                                      Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE: )
)
Dennis Dellarocco, ) Chapter 13
) Case No.: 15-12006-FJB
Debtor )
)

## CERTIFICATE OF SERVICE

I, Brian R. Lewis, Esquire, state that on September 8, 2015 I electronically filed the foregoing First Amended Chapter 13 Pot Plan with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Office of the US Trustee
Carolyn Bankowski, Trustee

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

Bank of America
Correspondence Unit/ Bankruptcy Dept.
P.O. Box 5170
Simi Valley, CA 93062

Capital One
Attn: Bankruptcy Department
P.O. Box 30285
Salt Lake City, UT 84130

Citibank Credit Services/THD
Bankruptcy Dept.
P.O. Box 790034
Saint Louis, MO 63179

Gary H. Kreppel, P.C.
33 Boston Post Road West
Suite 590
Marlborough, MA 01752

Gemb/Shop NBC
Attn Bankruptcy Dept.
P.O. Box 103106
Roswell, GA 30076

Gemb/Shop NBC PLCC
Attn Bankruptcy Dept.
P.O. Box 103106
Roswell, GA 30076

Harmon Law Offices, PC
150 California Street
Newton, MA 02458

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Law office of Howard Lee Schiff, P.C.
340 Main Street, Suite 959
Worcester, MA 01608

Macy's
Bankruptcy Processing
P.O. Box 8053
Mason, OH 45040

Massachusetts Department of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114

Midland Funding, LLC
8875 Aero Drive Suite 200
San Diego, CA 92123

New England Phoenix
337 Freeport Street
Boston, MA 02122

PNC Bank, NA
3232 Newmark Drive
Attn: Bankruptcy
Miamisburg, OH 45342

Robert Greene
1135 North Main Street
Brockton, MA 02301

Town of Middleboro
20 Centre Street
Middleboro, MA 02346

Dennis Dellarocco
32 Montello Street
Middleboro, MA 02346


    /s/ Brian R. Lewis
Brian R. Lewis Esq. (BBO#641100)
Law Office of Brian R. Lewis
PO Box 1162
Lakeville, MA 02347
(508) 946-3323
brian@brianrlewis.com